UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____

SECURITIES AND EXCHANGE COMMISSION,

                Petitioner,

        v.

STEPHEN P. CORSO, JR.
aka "STEVEN JOHN CORSO"

                Respondent.

_____

: 15-CV-1842-WQH-WVG

**ORDER ENFORCING RESPONDENT'S COMPLIANCE WITH THE SEC'S APRIL 14, 2009 ORDER BARRING RESPONDENT FROM PRACTICING BEFORE THE SEC**

THIS CAUSE comes before the Court upon the Application of the Securities and Exchange Commission (the "Commission") for an order: (1) compelling Respondent Stephen P. Corso ("Corso") to comply with an April 14, 2009 Commission Order of Forthwith Suspension Pursuant to Rule 102(e)(2) of the Commission's Rules of Practice, which permanently barred Corso from appearing or practicing before the Commission (the "April 14 Order"); (2) directing Corso to cease and desist from appearing or practicing before the Commission in violation of the April 14 Order; and (3) requiring Corso to disgorge, with prejudgment interest, all compensation, fees and remuneration — whether in the form of funds, securities or otherwise — that he received for appearing or practicing before the Commission in violation of the April 14 Order. The parties have informed the

Court that, without admitting or denying the allegations contained in the Commission's Application and supporting documents, Corso does not oppose the entry of this Order. In particular, on September 17, 2015 the Commission filed with the Court and served on counsel for Corso a "Notice Of Non-Opposition To An Order Granting The SEC's Application Pursuant To Section 21(e) Of The Securities Exchange Act Of 1934," in which the Commission informed the Court that, "without admitting or denying the allegations in the Application and supporting documents, Mr. Corso does not oppose the entry of a Court order compelling him to comply with [the] April 14, 2009 Securities and Exchange Commission Order, which permanently barred him from appearing or practicing before the Commission." (ECF No. 5 at 1-2)  The Commission's Notice attached a letter from counsel for Corso, which said the same thing.  As directed by the Court's Minute Order entered on September 24, 2015 (ECF No. 6), the Commission submitted a proposed order with the provisions below to the Court's efile box and served a copy of the proposed order on counsel for Corso and Corso directly.  Therefore, and the Court being fully advised in the premises, it is

HEREBY ORDERED, ADJUDGED AND DECREED that:

   1. Corso shall comply with the Commission's April 14, 2009 Order by immediately ceasing to appear or practice before the Commission.

2.  Corso shall remove from the Internet all references to himself as an "SEC consultant and attorney" as well as any statements that imply or suggest, either directly or indirectly, that Corso is permitted to appear or practice before the Commission.

3.  Corso shall disgorge $465,525, plus $29,938 in prejudgment interest.

4.  Corso shall satisfy his disgorgement obligation within fourteen days of the entry of this order by paying the Commission $495,463 in disgorgement and prejudgment interest.

5.  Corso may transmit payment of the disgorgement and prejudgment interest electronically to the Commission, which will provide detailed ACH/Fedwire instructions upon request. Payment may also be made directly from a bank account via pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Corso may also pay by certified check, bank check or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, Oklahoma 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, setting forth Corso's name as a Respondent in this proceeding, and specifying that payment is made pursuant to this Order. Corso

shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action.

6. By making this payment, Corso relinquishes all legal and equitable right, title and interest in such funds and securities, and no part of such funds or securities shall be returned to Corso. The Commission shall send the funds paid pursuant to this Order to the United States District Court for the District of Connecticut, to be applied against Corso's outstanding criminal restitution obligation in *United States v. Stephen P. Corso*, Case No. 3:05-cr-105-JCH.

7. The Commission may enforce this Order for disgorgement and prejudgment interest as though it were a final judgment, and may use all collection procedures authorized by law at any time after fourteen days following entry of this Order.

8. Corso shall pay post-judgment interest on any delinquent amount pursuant to 28 U.S.C. § 1961.

9. This Court shall retain jurisdiction of this proceeding to enforce compliance with this Order.

Dated: November 17, 2015

_William Q. Hayes_
Hon. William Q. Hayes
United States District Judge